IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ANTHONY W. FERRIS,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-292**          (JCN: 2024006553)

**SPECIAL METALS INCORPORATED,**
**Employer Below, Respondent**

**FILED**

**April 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Anthony W. Ferris appeals the June 18, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Special Metals Incorporated, ("SMI") timely filed a response.[1] Mr. Ferris did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted a 3.48% permanent partial disability award ("PPD") for occupational hearing loss.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Ferris completed an Employees' and Physicians' Report of Occupational Hearing Loss ("claim form") on August 2, 2023, alleging occupational hearing loss as a result of his employment at SMI, where he worked in the industrial maintenance department from 1995 to 2022. An audiogram completed by Barb Danford, Au.D., accompanied the claim form. Ms. Danford indicated affirmatively on the form that she is either a CCC/A or a licensed audiologist. The four-frequency air scores listed on the audiogram were 35, 30, 50, and 60 dB in the right ear and 35, 35, 50, and 60 dB in the left ear.

B. Joseph Touma, M.D., an otolaryngologist, reviewed the August 2023 audiogram and diagnosed bilateral sensorineural hearing loss attributable to or perceptibly aggravated by industrial noise exposure in the course of and resulting from Mr. Ferris' employment. Dr. Touma found Mr. Ferris' medical history was non-contributory to his hearing loss. Noting that he adjusted the scores on the 500 and 1000 Hertz ("Hz") measurements, Dr.

---

[1] Mr. Ferris is represented by Edwin H. Pancake, Esq. SMI is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

Touma used a four-frequency total of 150 dB bilaterally, and recommended a 9.25% whole person impairment ("WPI") for occupational hearing loss. Dr. Touma did not explain his basis for adjusting the four-frequency totals.

SMI referred Mr. Ferris to David A. Phillips, M.D., an otolaryngologist, for an independent medical evaluation regarding the occupational hearing loss claim. Dr. Phillips evaluated Mr. Ferris on November 21, 2023, and noted Mr. Ferris' employment history. The hearing test performed by "Manahan Au.D." revealed a bilateral four-frequency air score of 125 dB.

In calculating an impairment rating, Dr. Phillips considered Mr. Ferris' occupational history and medical history – both of which he felt could contribute to hearing loss. Dr. Phillips noted that the audiogram showed a gently sloping loss between 500 and 8000 Hz without a "noise induced hearing loss notch," thus indicating presbycusis was a factor. Dr. Phillips used the four frequency totals of 125 dB and arrived at a 3.3% whole person impairment.

Dr. Phillips also reviewed Dr. Touma's report and audiogram and observed a significant test-retest discrepancy in the unadjusted four-frequency air score totals between his test and the August 2023 test used by Dr. Touma. Further, Dr. Phillips noted that Dr. Touma did not explain why he adjusted the four frequency totals at 500 and 1000 Hz. Dr. Phillips opined that this adjustment was unnecessary. Since the November 2023 test showed the lower frequency hearing to be within the normal range, Dr. Phillips determined that no adjustments were necessary.

By order dated December 7, 2023, the claim administrator granted Mr. Ferris a 3.3% PPD award based on Dr. Phillip's report. Mr. Ferris protested this order to the Board.

On April 15, 2024, Dr. Phillips again evaluated Mr. Ferris' hearing.[2] In a letter dated April 22, 2024, Dr. Phillips pointed out that the most recent audiogram showed sensorineural hearing loss with gradual progression between 1000 and 8000 Hz, but no typical noise-induced notch. The four frequency air totals from this test were 125 dB on the right and 140 dB on the left. Dr. Phillips compared this recent test to the one performed in his office in November 2023 and found them to be within test-retest reliability; however, Dr. Phillips determined that Dr. Touma's test, which yielded an air score of 175 on the right and 180 on the left, was an outlier. Dr. Phillips acknowledged that the April 2024 test revealed slightly worse hearing than testing from 2023 and that under the West Virginia workers' compensation system, the test showing the greatest impairment must be used. In calculating Mr. Ferris' impairment based on the more recent test, Dr. Phillips used a 125 dB four-frequency total for the right ear but adjusted the findings in the left ear to 130 dB

_____

[2] The same audiologist in Dr. Phillips' office performed the November 2023 and April 2024 testing.

(by reducing the 500 Hz threshold from 25 to 15 dB), because of the discrepancy between the two ears at 500 Hz. Thus, Dr. Phillips calculated a 3.48% whole person impairment due to occupational noise-induced hearing loss.

On August 6, 2024, the claim administrator issued an order granting an additional 0.18% PPD for the hearing loss for a total of 3.48% PPD in the claim. Mr. Ferris also protested this order to the Board.

On June 18, 2025, the Board affirmed the claim administrator's order of August 6, 2024, granting a 3.48% PPD award and determined that the protest of the order dated December 7, 2023, was rendered moot by the entry of the increased award. The Board noted that the August 2023 audiogram, relied upon by Dr. Touma, had four frequency totals of 175 dB in the right ear and 180 dB in the left ear. These totals, the Board further noted, were not within 15 dB of either of the two audiograms relied upon by Dr. Phillips; thus, the Board found that the August 2023 audiogram was invalid due to its unacceptable test-retest variability pursuant to West Virginia Code of State Rules § 85-20-47.3 (2006).[3] Further, the Board found Dr. Touma's impairment calculation was unreliable and not credible because he did not explain why he based his calculation on a four-frequency total of 150 dB (bilaterally) instead of relying on the audiogram results.

On the other hand, the Board noted that the audiograms performed in November 2023 and April 2024 met the acceptable test-retest variability rules. Further, the Board addressed Mr. Ferris' assertions regarding whether the November 2023 and April 2024 audiograms were conducted by a licensed audiologist and whether the audiometer was

---

[3] West Virginia Code of State Rules § 85-20-47.3 establishes a definitive margin of error providing that:

Two audiograms are said to be in acceptable test-retest variability when the total of four frequencies (500, 1000, 2000, 3000 Hz) is 15 decibels or less and the audiometric curves are similar. Because the two audiograms are technically identical and one cannot be chosen over the other, the calculation of whole person impairment will be based on the audiogram that yields the highest degree of impairment for the injured worker.

a. If two audiograms are both rated "good", and differ by more than the established margin of error, the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, shall arrange for a third independent evaluation by an otologist or otolaryngologist.

b. The two audiograms that are within an acceptable test/retest variability should be used.

3

calibrated recently. The Board found that Mr. Ferris did not establish through competent evidence that the examiner in question ("Manahan") was not a licensed audiologist. Similarly, the Board found that Mr. Ferris did not submit any evidence to establish that the audiometer used by Dr. Phillips did meet calibration guidelines. The Board determined that Dr. Phillips' audiograms were reliable and credible, and affirmed the 3.48% PPD award granted by the claim administrator's order dated August 6, 2024. Mr. Ferris now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Ferris argues that the Board erred in affirming the claim administrator's order granting a 3.48% PPD, as derived by Dr. Phillips. Instead, Mr. Ferris argues that the Board should have found the report of Dr. Touma to be the only report of record that is consistent with the West Virginia Code of State Rules § 85-20-47. Mr. Ferris asserts that the name and qualifications of the examiner who performed the audiograms in Dr. Phillips' office are unreadable, but "it is certain that the examiner is not CCC-A qualified as required."[4] Mr. Ferris argues that a "plain reading of the audiology report" shows that the audiologist who performed the testing for Dr. Phillips does not satisfy the rule. Further, Mr. Ferris maintains that the audiometer used in the testing relied upon by

---

[4] West Virginia Code of State Rules § 85-20-47.1 provides, in part, that "[o]nly audiometric test results obtained by an audiologist having a certificate of clinical competence in audiology (CCC-A) or a West Virginia audiology licensure are acceptable for purposes of awarding compensation."

Dr. Touma is the only device that is confirmed to have been recently calibrated as required by West Virginia Code of State Rules § 85-20-47.2 (requiring an annual exhaustive calibration). Thus, Mr. Ferris asserts that Dr. Touma's results must be given controlling weight as his testing was performed by a CCC-A audiologist using an audiometer that was calibrated as required. We disagree.

> West Virginia Code § 23-4-1g (2003), provides, in part, that:

> For all awards made on or after the effective date of the amendment and reenactment of this section during the year two thousand three, resolution of any issue raised in administering this chapter shall be based on a weighing of all evidence pertaining to the issue and a finding that a preponderance of the evidence supports the chosen manner of resolution. The process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of the issue presented. Under no circumstances will an issue be resolved by allowing certain evidence to be dispositive simply because it is reliable and is most favorable to a party's interests or position….

Further, the Supreme Court of Appeals of West Virginia has "traditionally held that a workers' compensation claimant has the burden of proving his or her claim by proper and satisfactory proof." *Casdorph v. W. Va. Off. Ins. Comm'r*, 225 W. Va. 94, 99, 690 S.E.2d 102, 107 (2009).

Upon review, we conclude that the Board was not clearly wrong when it affirmed the order granting a 3.48% PPD award. We do not find error in the Board's determination that Mr. Ferris failed to establish by competent evidence that the examiner in question did not meet the regulatory requirements to perform the testing or that the audiometer used in Dr. Phillips' office was not properly calibrated. Mr. Ferris does not point to any part of the record to show that the Board failed to consider evidence. Raising a mere specter of allegations, wholly unsupported by the record, does not establish error.

As the SCAWV has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, based on the foregoing, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order granting a 3.48% PPD award for occupational hearing loss.

Accordingly, we affirm the Board's June 18, 2025, order.

Affirmed.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White